FILED ____ ENTERED
LODGED ____ RECEIVED

SEP 04 2009

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

SEA 28777/No Iss.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

MAKEMYTRIP (INDIA) PVT. LTD.,
a Company organized under the laws of
India,

                        Plaintiff,

    v.

TATA SONS LTD., a Company organized
under the laws of India; and ENOM, INC.,
a Washington corporation,

                        Defendants.

No. **C09 1261** TSZ

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

**JURY TRIAL DEMANDED**



**09-CV-01261-CMP**

16
17
18
19
20
21
22
23
24
25
26

    Plaintiff MAKEMYTRIP (INDIA) PVT LTD. ("MakeMyTrip"), by its attorneys, for its complaint against defendants TATA SONS LTD. ("Tata Sons") and ENOM, INC. ("eNom") hereinafter alleges as follows:

<u>**THE PARTIES**</u>

    1.    Plaintiff MakeMyTrip is a corporation organized and existing under the laws of India, having a principal place of business in Gurgaon, Haryana, India.

    2.    Defendant Tata Sons is a corporation organized and existing under the laws of India, having a principal place of business in Mumbai, India.

# Original

COMPLAINT - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

3.    Defendant eNom is a corporation organized and existing under the laws of the State of Washington, having a principal place of business in Bellevue, Washington.  eNom is an ICANN-accredited domain name registrar.

### JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.    Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because defendants regularly conduct business in this Judicial District; defendants have substantial contacts with and/or may be found in this Judicial District; and/or defendants agreed to submit to the jurisdiction of this Court.

### FACTS

6.    On July 29, 2005, MakeMyTrip registered the domain name <oktatabyebye.com> through eNom.

7.    "Tata" or "ta-ta" is an English interjection of British origin that is used to express farewell.  The phrase "OK, tata, bye bye" is regularly used in India as an informal and chatty way to say goodbye.

8.    India-based MakeMyTrip is a premier provider of travel services. MakeMyTrip's primary website <www.makemytrip.com> provides a 24-hour online travel portal and travel consultancy support business.

9.    Since July 2006, MakeMyTrip has used the domain name <oktatabyebye.com> to signify its services and as the Internet "home" for its travel community.  At <oktatabyebye.com> travelers create personal travel blogs, or travel journals, with detailed route maps, embedded photos and recommendations.  The site allows travelers to easily share these travel journals with friends, family and others.  These travel journals, written by real travelers, are a source of trusted information for people researching and planning a trip, and

COMPLAINT - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    are an important and popular part of MakeMyTrip's business. Traffic at <oktatabyebye.com>

2    currently exceeds 60,000 hits every month.

3        10.     When MakeMyTrip registered the <oktatabyebye.com> domain with eNom,

4    MakeMyTrip became subject to eNom's domain name registration agreement. As part of this

5    agreement, MakeMyTrip agreed to be bound by the Uniform Domain Name Dispute

6    Resolution Policy (the "UDRP"), adopted by the Internet Corporation for Assigned Names

7    and Numbers ("ICANN") on October 24, 1999. ICANN is the non-profit corporation formed

8    in 1998 to manage the assignment of domain names. A copy of the UDRP is attached hereto

9    as Exhibit A.

10       11.     The UDRP provides, among other things, that certain disputes between

11    registrants of domain names and third parties claiming rights in the domain will be submitted

12    to arbitration, under rules promulgated by ICANN.

13       12.     Pursuant to these rules, a third party, such as Tata Sons, may initiate a

14    mandatory administrative arbitration proceeding, to determine rights to a domain name.

15       13.     The UDRP provides that a complainant, such at Tata Sons, bears the burden of

16    establishing the existence of three elements, in order to be entitled to a transfer of domain

17    name ownership from the registrant to the complainant. These elements are as follows:

18       (i)     The disputed domain name is identical or confusingly similar to a trademark or

19            service mark in which the complainant has rights; and

20       (ii)     the respondent has no rights or legitimate interests in respect of the disputed

21            domain name; and

22       (iii)    the disputed domain name was registered and is being used in bad faith.

23       14.     On or about May 13, 2009, Tata Sons filed a complaint with the World

24    Intellectual Property Organization ("WIPO"), an approved arbitration service provider under

25    the UDRP, invoking the mandatory administrative arbitration provisions of the UDRP with

26    respect to Plaintiffs' registered domain name <oktatabyebye.com>. Tata Sons alleged, among

COMPLAINT - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

other things, that MakeMyTrip's registration and use of the domain name <oktatabyebye.com> infringed upon Tata Sons' rights in the trademark TATA.

15.    On or about August 11, 2009, a one-member administrative panel established by WIPO ordered the transfer of the domain <oktatabyebye.com> from MakeMyTrip to Tata Sons.  On or about August 24, 2009, WIPO transmitted notice of that decision to eNom.  A copy of that is notice attached hereto as Exhibit B.

16.    MakeMyTrip will suffer irreparable harm if the domain <oktatabyebye.com> is transferred to Tata Sons as directed by the ICANN administrative proceeding.

**COUNT I**
**ANTICYBERSQUATTING CONSUMER PROTECTION ACT –**
**15 U.S.C. § 1114(2)(D)**

17.    MakeMyTrip realleges and incorporates by reference herein each of the paragraphs above.

18.    The domain name <oktatabyebye.com> is not identical or confusingly similar to, or dilutive of, Tata Son's trademark TATA, as provided in 15 U.S.C. § 1125(d)(1)(A)(ii).

19.    In registering and using the domain name <oktatabyebye.com>, MakeMyTrip did not have a bad faith intent, as provided in 15 U.S.C. § 1125(d)(l)(A)(i), to profit from Tata Son's mark TATA.

20.    MakeMyTrip believed and had reasonable grounds to believe that its registration and use of the domain name <oktatabyebye.com> was a lawful use, as provided in 15 U.S.C. § 1125(d)(1)(B)(ii).

21.    MakeMyTrip has given notice to Tata Sons of MakeMyTrip's filing of an action to establish that the plaintiff s registration and use of the domain name <oktatabyebye.com> is not unlawful.

COMPLAINT - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## COUNT II
## DOMAIN REGISTRATION CONTRACT WITH ENOM

22.    MakeMyTrip realleges and incorporates by reference herein each of the paragraphs above.

23.    The domain name <oktatabyebye.com> is not identical or confusingly similar to Tata Son's mark TATA.

24.    MakeMyTrip has rights and legitimate interests in respect of <oktatabyebye.com>.

25.    MakeMyTrip did not register or use in bad faith the domain name <oktatabyebye.com>.

26.    As of the date this complaint was filed, fewer than 10 business days have elapsed since WIPO informed eNom of its decision regarding <oktatabyebye.com>.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against defendants as follows:

1.    For an injunction, pursuant to 15 U.S.C. § 1114(2)(D)(v), preventing eNom and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from it, from implementing the WIPO administrative panel's order to transfer the domain name <oktatabyebye.com> to Tata Sons.

2.    For a declaration that:

(a)    the domain name <oktatabyebye.com> is not identical or confusingly similar to, or dilutive of, Tata Sons' trademark TATA;

(b)    MakeMyTrip has rights and legitimate interests in the domain name <oktatabyebye.com>;

(c)    MakeMyTrip did not register or use the domain name <oktatabyebye.com> in bad faith;

COMPLAINT - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1        (d)    MakeMyTrip has not breached its contract with eNom regarding

2    registration of <oktatabyebye.com>; and

3        (e)    MakeMyTrip's registration and use of <oktatabyebye.com> is not

4    unlawful under Title 15, Chapter 22, of the United States Code.

5    3.    For an award of attorney's fees and costs; and

6    4.    For such and other further relief that the Court deems just and proper.

7    **DEMAND FOR JURY TRIAL**

8    MakeMyTrip respectfully requests a trial by jury of all issues triable by a jury.

9    Dated: September 4, 2009                Respectfully submitted,

10

11                                       K&L Gates LLP

12

13                                       By

14                                       Gregory F. Wesner, WSBA # 30241

15                                       Daniel H. Royalty, WSBA # 31504

16                                 925 Fourth Avenue, Suite 2900

17                                 Seattle, Washington 98104-1158

18                                 tel.:  206-370-7580
                                   fax:  206-370-6284

19                                 e-mail:   gregory.wesner@klgates.com
                                               dan.royalty@klgates.com

20                                 Attorneys for Plaintiff
                                 MakeMyTrip (India) Pvt. Ltd.

21

22

23

24

25

26

COMPLAINT - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# EXHIBIT A



# Uniform Domain Name Dispute Resolution Policy

Policy Adopted: August 26, 1999
Implementation Documents Approved: October 24, 1999

**I C A N N**

---

**Notes:**

**1. This policy is now in effect. See www.icann.org/udrp/udrp-schedule.htm for the implementation schedule.**

**2. This policy has been adopted by all accredited domain-name registrars for domain names ending in .com, .net, and .org. It has also been adopted by certain managers of country-code top-level domains (e.g., .nu, .tv, .ws).**

**3. The policy is between the registrar (or other registration authority in the case of a country-code top-level domain) and its customer (the domain-name holder or registrant). Thus, the policy uses "we" and "our" to refer to the registrar and it uses "you" and "your" to refer to the domain-name holder.**

---

## Uniform Domain Name Dispute Resolution Policy

### (As Approved by ICANN on October 24, 1999)

**1. Purpose.** This Uniform Domain Name Dispute Resolution Policy (the "Policy") has been adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN"), is incorporated by reference into your Registration Agreement, and sets forth the terms and conditions in connection with a dispute between you and any party other than us (the registrar) over the registration and use of an Internet domain name registered by you. Proceedings under Paragraph 4 of this Policy will be conducted according to the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules of Procedure"), which are available at www.icann.org/udrp/udrp-rules-24oct99.htm, and the selected administrative-dispute-resolution service provider's supplemental rules.

**2. Your Representations.** By applying to register a domain name, or by asking us to maintain or renew a domain name registration, you hereby represent and warrant to us that (a) the statements that you made in your Registration Agreement are complete and accurate; (b) to your knowledge, the registration of the domain name will not infringe upon or otherwise violate the rights of any third party; (c) you are not registering the domain name for an unlawful purpose; and (d) you will not knowingly use the domain name in violation of any applicable laws or regulations. It is your responsibility to

determine whether your domain name registration infringes or violates someone else's rights.

3. **Cancellations, Transfers, and Changes.** We will cancel, transfer or otherwise make changes to domain name registrations under the following circumstances:

> a. subject to the provisions of Paragraph 8, our receipt of written or appropriate electronic instructions from you or your authorized agent to take such action;

> b. our receipt of an order from a court or arbitral tribunal, in each case of competent jurisdiction, requiring such action; and/or

> c. our receipt of a decision of an Administrative Panel requiring such action in any administrative proceeding to which you were a party and which was conducted under this Policy or a later version of this Policy adopted by ICANN. (See Paragraph 4(i) and (k) below.)

We may also cancel, transfer or otherwise make changes to a domain name registration in accordance with the terms of your Registration Agreement or other legal requirements.

4. **Mandatory Administrative Proceeding.**

This Paragraph sets forth the type of disputes for which you are required to submit to a mandatory administrative proceeding. These proceedings will be conducted before one of the administrative-dispute-resolution service providers listed at www.icann.org/udrp/approved-providers.htm (each, a "Provider").

> a. **Applicable Disputes.** You are required to submit to a mandatory administrative proceeding in the event that a third party (a "complainant") asserts to the applicable Provider, in compliance with the Rules of Procedure, that

> > (i) your domain name is identical or confusingly similar to a trademark or service mark in which the complainant has rights; and

> > (ii) you have no rights or legitimate interests in respect of the domain name; and

> > (iii) your domain name has been registered and is being used in bad faith.

> In the administrative proceeding, the complainant must prove that each of these three elements are present.

> b. **Evidence of Registration and Use in Bad Faith.** For the purposes of Paragraph 4(a)(iii), the following circumstances, in particular but without limitation, if found by the Panel to be present, shall be evidence of the registration and use of a domain name in bad faith:

(i) circumstances indicating that you have registered or you have acquired the domain name primarily for the purpose of selling, renting, or otherwise transferring the domain name registration to the complainant who is the owner of the trademark or service mark or to a competitor of that complainant, for valuable consideration in excess of your documented out-of-pocket costs directly related to the domain name; or

(ii) you have registered the domain name in order to prevent the owner of the trademark or service mark from reflecting the mark in a corresponding domain name, provided that you have engaged in a pattern of such conduct; or

(iii) you have registered the domain name primarily for the purpose of disrupting the business of a competitor; or

(iv) by using the domain name, you have intentionally attempted to attract, for commercial gain, Internet users to your web site or other on-line location, by creating a likelihood of confusion with the complainant's mark as to the source, sponsorship, affiliation, or endorsement of your web site or location or of a product or service on your web site or location.

**c. How to Demonstrate Your Rights to and Legitimate Interests in the Domain Name in Responding to a Complaint.** When you receive a complaint, you should refer to Paragraph 5 of the Rules of Procedure in determining how your response should be prepared. Any of the following circumstances, in particular but without limitation, if found by the Panel to be proved based on its evaluation of all evidence presented, shall demonstrate your rights or legitimate interests to the domain name for purposes of Paragraph 4(a)(ii):

(i) before any notice to you of the dispute, your use of, or demonstrable preparations to use, the domain name or a name corresponding to the domain name in connection with a bona fide offering of goods or services; or

(ii) you (as an individual, business, or other organization) have been commonly known by the domain name, even if you have acquired no trademark or service mark rights; or

(iii) you are making a legitimate noncommercial or fair use of the domain name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trademark or service mark at issue.

**d. Selection of Provider.** The complainant shall select the Provider from among those approved by ICANN by submitting the complaint to that Provider. The selected Provider will administer the proceeding, except in cases of consolidation as described in Paragraph 4(f).

**e. Initiation of Proceeding and Process and Appointment of Administrative Panel.** The Rules of Procedure state the process for initiating and conducting a proceeding and for appointing the panel that will decide the dispute (the "Administrative Panel").

**f. Consolidation.** In the event of multiple disputes between you and a complainant, either you or the complainant may petition to consolidate the disputes before a single Administrative Panel. This petition shall be made to the first Administrative Panel appointed to hear a pending dispute between the parties. This Administrative Panel may consolidate before it any or all such disputes in its sole discretion, provided that the disputes being consolidated are governed by this Policy or a later version of this Policy adopted by ICANN.

**g. Fees.** All fees charged by a Provider in connection with any dispute before an Administrative Panel pursuant to this Policy shall be paid by the complainant, except in cases where you elect to expand the Administrative Panel from one to three panelists as provided in Paragraph 5(b)(iv) of the Rules of Procedure, in which case all fees will be split evenly by you and the complainant.

**h. Our Involvement in Administrative Proceedings.** We do not, and will not, participate in the administration or conduct of any proceeding before an Administrative Panel. In addition, we will not be liable as a result of any decisions rendered by the Administrative Panel.

**i. Remedies.** The remedies available to a complainant pursuant to any proceeding before an Administrative Panel shall be limited to requiring the cancellation of your domain name or the transfer of your domain name registration to the complainant.

**j. Notification and Publication.** The Provider shall notify us of any decision made by an Administrative Panel with respect to a domain name you have registered with us. All decisions under this Policy will be published in full over the Internet, except when an Administrative Panel determines in an exceptional case to redact portions of its decision.

**k. Availability of Court Proceedings.** The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded. If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days (as observed in the location of our principal office) after we are informed by the applicable Provider of the Administrative Panel's decision before implementing that decision. We will then implement the decision unless we have received from you during that ten (10) business day period official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of

Procedure. (In general, that jurisdiction is either the location of our principal office or of your address as shown in our Whois database. See Paragraphs 1 and 3(b)(xiii) of the Rules of Procedure for details.) If we receive such documentation within the ten (10) business day period, we will not implement the Administrative Panel's decision, and we will take no further action, until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name.

**5. All Other Disputes and Litigation.** All other disputes between you and any party other than us regarding your domain name registration that are not brought pursuant to the mandatory administrative proceeding provisions of Paragraph 4 shall be resolved between you and such other party through any court, arbitration or other proceeding that may be available.

**6. Our Involvement in Disputes.** We will not participate in any way in any dispute between you and any party other than us regarding the registration and use of your domain name. You shall not name us as a party or otherwise include us in any such proceeding. In the event that we are named as a party in any such proceeding, we reserve the right to raise any and all defenses deemed appropriate, and to take any other action necessary to defend ourselves.

**7. Maintaining the Status Quo.** We will not cancel, transfer, activate, deactivate, or otherwise change the status of any domain name registration under this Policy except as provided in Paragraph 3 above.

**8. Transfers During a Dispute.**

   **a. Transfers of a Domain Name to a New Holder.** You may not transfer your domain name registration to another holder (i) during a pending administrative proceeding brought pursuant to Paragraph 4 or for a period of fifteen (15) business days (as observed in the location of our principal place of business) after such proceeding is concluded; or (ii) during a pending court proceeding or arbitration commenced regarding your domain name unless the party to whom the domain name registration is being transferred agrees, in writing, to be bound by the decision of the court or arbitrator. We reserve the right to cancel any transfer of a domain name registration to another holder that is made in violation of this subparagraph.

   **b. Changing Registrars.** You may not transfer your domain name registration to another registrar during a pending administrative proceeding brought pursuant to Paragraph 4 or for a period of fifteen (15) business days (as observed in the location of our principal place of business) after such proceeding is concluded. You may transfer administration of your domain name registration to another registrar during a pending court action or arbitration, provided that the domain name you have registered with us shall continue to be subject to the proceedings commenced against you in accordance with the terms of this Policy. In the event that you transfer a domain name registration to us during the pendency of a court action or

arbitration, such dispute shall remain subject to the domain name dispute policy of the registrar from which the domain name registration was transferred.

**9. Policy Modifications.** We reserve the right to modify this Policy at any time with the permission of ICANN. We will post our revised Policy at least thirty (30) calendar days before it becomes effective. Unless this Policy has already been invoked by the submission of a complaint to a Provider, in which event the version of the Policy in effect at the time it was invoked will apply to you until the dispute is over, all such changes will be binding upon you with respect to any domain name registration dispute, whether the dispute arose before, on or after the effective date of our change. In the event that you object to a change in this Policy, your sole remedy is to cancel your domain name registration with us, provided that you will not be entitled to a refund of any fees you paid to us. The revised Policy will apply to you until you cancel your domain name registration.

---

Comments concerning the layout, construction and functionality of this site should be sent to webmaster@icann.org.

Page Updated 05-Feb-2002

©2000, 2002  The Internet Corporation for Assigned Names and Numbers.  All rights reserved.

# EXHIBIT B

**Subject:**    FW: (BLA) D2009-0646 <oktatabyebye.com>: Notification of Decision

**Attachments:** d2009-0646_51decnot-eng.doc; DecisionD2009-0646.doc

**From:** Disputes, Domain [mailto:domain.disputes@wipo.int]
**Sent:** Monday, August 24, 2009 10:26 PM
**To:** email@anandandanand.com; pravin@anandandanand.com; shrawan@anandandanand.com;
fnsubedar@tata.com; cmlall@indiaip.com
**Cc:** 'udrp@enom.com'
**Subject:** (BLA) D2009-0646 <oktatabyebye.com>: Notification of Decision

Dear Parties,

Please find attached the Center's Notification of Decision and the Panel's Decision in the above referred matter.

A signed version of the Decision shall be forwarded to the parties in due course.

Sincerely,

Berly Lelievre-Acosta (Mr.)
WIPO Arbitration and Mediation Center